PER CURIAM:
Claimant, Emogene Harris, brought this action as guardian of her son, Mark A. Harris, II, who received injuries when he was involved in a bicycle accident on W.Va. Route 25, also known as Fairlawn Avenue, in Institute, Kanawha County, on July 14, 1992. Claimant does not allege any monetary damages, but rather she desires that the respondent place a signal light at the intersection for a private drive that it almost opposite Barron Drive which dissects the West Virginia State College campus. The evidence adduced at the hearing on March 30, 1994, established the *93 following facts:
1. Claimant’s son, Mark A. Harris, II, was riding a two-wheel bicycle from his grandmother’s house. He rode his bike to the bottom of the private driveway where it intersects with Fairlawn Avenue.
2. Barron Drive intersects with W.Va. Route 25 to the east and on the other side of W.Va. Route 25 there is a private driveway. There is a three-way stop light fixture for traffic proceeding from Barron drive and for traffic proceeding east and west on W.Va. Route 25.
3. The private drive has a pole with a push button for the stop light. Mark A. Harris, II, was approaching the pole either ridding his bicycle or walking it when an automobile proceeding west on West Virginia Route 25 struck him and knocked him approximately ten feet.
4. He sustained head injuries as a result of the accident.
5. Mr. Mark A. Harris, father of Mark A. Harris, II, testified that he desires that respondent replace the three-way stop light with a four-way stop light in order that people driving or walking from his mother’s private drive onto W.Va. Route 25 would have been the benefit of the lights when proceeding onto W.Va. Route 35.
6. Mr. Harris indicated that his son was accustomed to riding his bicycle from his grandmother’s home as he had ridden from her house to his own house on many prior occasions.
7. The respondent, Division of Highways, produced testimony from Roger Russell, a traffic engineer and special assistant in traffic operations, that a traffic signal would not be placed on a private driveway and this particular driveway is offset from the intersection. It is not actually a part of the intersection for W.Va. Route 25 and Barron Drive.
The Court has reviewed the facts in this claim and has determined that respondent is not negligent in its placement of the traffic signal of the intersection in question. Although the Court regrets that Mark A. Harris, II, was injured in a bicycle accident at the intersection of the private drive with W.Va. Route 25, the Court is of the opinion that respondent has provided the appropriate traffic signal for the intersection of W.Va. 25 with Barron Drive. This Court has no statutory authority to order or to request affirmative acts on the part of any State agency.
In accordance with the findings of facts as indicated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.